On Petition for Rehearing.
On petition for rehearing counsel urges, because of the far reaching effect of our decision, that we write an opinion explanatory of our previous judgment of affirmance without opinion.
The appeal was from an order entered by Hon. Hugh M. Taylor, Circuit Judge, which order is in full as follows:
"Order Sustaining Motion to Quash.
"This case came on to be heard on petition, alternative writ of mandamus, and motion to quash. The petitioner seeks to compel respondents to refund certain unemployment compensation taxes previously paid by said petitioner on earnings of its citrus haulers, who, petitioner contends, were and are engaged in performance of agricultural labor, which is exempt from such taxation.
"The Florida statute under which the rights of the parties are to be determined is Section 443.03 (5) (g) 1.d., which states:
"`(g) The term "employment" shall not include:
"`1. Agricultural labor; the term "agricultural labor" includes all services performed * * *
"`d. In handling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage *Page 277 
or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; but only if such service is performed as an incident to ordinary farming operations or, in the case of fruits and vegetables, as an incident to the preparation of such fruits and vegetables for market. The provisions of this paragraph shall not be deemed to be applicable with respect to service performed in connection with commercial canning or commercial freezing or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption or in connection with grading, packing, packaging, or processing fresh citrus fruits.'
"The sole question to be decided is whether the hauling of fresh citrus fruits from the grove to the packing house as an incident to its preparation for market is or is not agricultural labor, within the meaning of the above statutory definition. The petitioner contends that it is, and that unemployment compensation taxes previously paid on the earnings of such workers should be refunded, while respondents take the opposite view.
"The statutory section in question was first enacted in 1941, after which the General Counsel for respondents issued his official interpretation of its scope and meaning. This interpretation classified the hauling of fresh citrus fruits between the grove and packing house as nonagricultural labor. Since the term `hauling' was not specifically mentioned in the quoted sub-section of the statute, it was necessary to construe legislative intent in that respect. This interpretation appears to have been generally accepted throughout the citrus industry, and has remained undisturbed for nearly eight years. This circumstance is persuasive only.
"From examination of the subject statute, it appears that the hauling of fresh citrus fruits can be deemed to be agricultural labor only when performed on the farm and then only when performed in the employ of the owner or tenant of such farm (see Section 443.03 (5) (g) 1.a). To hold that hauling of fresh citrus fruits between grove and packing house by workers in the employ of any person constitutes agricultural labor would be totally inconsistent with manifest legislative intent, particularly in view of the language used in Section 443.03 (5) (g) 1.a. designating hauling of fresh citrus fruits when performed on the farm as agricultural labor, only when performed in the employ of the owner or tenant of such farm.
"Turning to actual phraseology, subparagraph `d', quoted above, lists as non-agricultural certain functions commonly performed outside the grove by commercial packing houses. Though hauling is not so listed, neither are several other essential functions of packing house operations. The enumeration could not be regarded as exclusive and still carry out the apparent intent to bring all packing house workers within the scope of the Act.
"It would seem that this Court should effectuate what it considers to have been legislative intent by giving common meaning to the words `in connection with' as used in the last sentence of the quoted portion of the statute. Hauling from grove to packing house is considered as functionally connected with grading, packing, packaging, or processing fresh citrus fruits and should likewise be deemed non-agricultural labor. It is therefore
"Ordered, Adjudged and Decreed that the motion to quash be sustained, and, Petitioner having stated that it did not wish to amend, that the Writ of Mandamus issued herein be quashed with prejudice, at the cost of Petitioner.
"Done and Ordered in Chambers at Tallahassee, Florida, this 8th day of April, A.D. 1949.
"Hugh M. Taylor "Circuit Judge."
The learned Circuit Judge correctly answered the controlling question presented to him for determination and properly construed the sections of our statutory law which were necessarily involved.
We therefore adhere to our former judgment.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur. *Page 278